**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-40852
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSANA LOPEZ-PORTILLO DE CRUZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:08-CR-42-2

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Susana Lopez-Portillo de Cruz appeals the 50-month sentence imposed after she pleaded guilty of conspiring with her husband and others to transport

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and harbor illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A) and (B). She argues that the district court erred by sentencing her above the applicable guideline range of 33-41 months.

Under *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). If, as in this case, a defendant does not challenge the procedural correctness of the sentence, this court may proceed to an examination of the substantive reasonableness of the sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), under an abuse-of-discretion standard, *see Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). Lopez-Portillo de Cruz seems to concede that, because she did not object to the reasonableness of her sentence in the district court, review should be for plain error only. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Under either standard of review, Lopez-Portillo de Cruz is not entitled to relief. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

The district court imposed a non-guideline sentence above the guideline range. The selection of a non-guideline sentence is within that court's discretion. *Gall*, 128 S. Ct. at 597. This court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court determined that the sentence imposed was reasonable based on the length and scope of the alien smuggling conspiracy and the fact that Lopez-Portillo de Cruz had abused her husband's position as a border patrol agent to further the objectives of the conspiracy. These are proper sentencing

considerations. *See* § 3553(a)(1), (2). Further, the upward variance from the guideline maximum of 41 months to a sentence of 50 months is not unreasonable. This court has upheld considerably greater variences. *See Brantley*, 537 F.3d at 348-50 (variance from the guideline maximum of 51 months to a sentence of 180 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (variance from the guideline maximum of 27 months to a sentence of 60 months); *Smith*, 440 F.3d at 708-10 (same).

Lopez-Portillo de Cruz has not shown that the court imposed an unreasonable sentence. *See Gall*, 128 S. Ct. at 596-97. The judgment is AFFIRMED.